**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4333**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

DANIEL MARROQUIN-SANTIAGO,

            Defendant - Appellant.

─────────────

**No. 15-4346**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

        v.

DANIEL MARROQUIN-SANTIAGO,

            Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Senior District Judge. (1:10-cr-00232-JAB-1; 1:14-cr-00459-JAB-1)

─────────────

Submitted: November 19, 2015        Decided: November 23, 2015

─────────────

Before NIEMEYER, KING, and HARRIS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Daniel Marroquin-Santiago appeals the 24-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of illegal reentry of a felon, in violation of 8 U.S.C. § 1326 (2012) ("reentry case"), as well as the 12-month sentence imposed for violating the supervised release terms of his prior illegal reentry conviction ("revocation case"). In the reentry case, Marroquin-Santiago asserts that the 24-month sentence was greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a) (2012). In the revocation case, Marroquin-Santiago asserts that imposing his 12-month sentence to run consecutively to the 24-month sentence in the reentry case resulted in a plainly unreasonable sentence. Finding no error, we affirm.

We review Marroquin-Santiago's 24-month sentence in the reentry case for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). If, and only if, this court finds the sentence procedurally reasonable will we consider the substantive reasonableness of the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We presume that a sentence

3

within a properly calculated Sentencing Guidelines range is reasonable. United States v. Cobler, 748 F.3d 570, 582 (4th Cir.), cert. denied, 135 S. Ct. 229 (2014).

Although Marroquin-Santiago concedes that we may presume his 24-month sentence is reasonable because it was within the Guidelines range calculated at sentencing, he asserts that he should have been sentenced to a lesser term based on his personal history and characteristics. We conclude that the district court properly exercised its discretion to reject Marroquin-Santiago's arguments in mitigation, and that it imposed a sentence that reflects the nature and the circumstances of the offense, as well as the other considerations of § 3553(a). See Evans, 526 F.3d at 162 (recognizing that deference to a district court's sentence is required because the "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case" (internal quotation marks omitted)). Because Marroquin-Santiago has failed to rebut the presumption of reasonableness this court affords his within-Guidelines sentence, we affirm his sentence in the reentry case.

We also reject Marroquin-Santiago's assertion that his 12-month sentence in the revocation case is plainly unreasonable because the district rejected his request to run the sentence concurrent to his sentence in the reentry case. Sentences or

4

breaches of supervised release are meant to sanction the abuse of the court's trust inherent in those violations, and not to punish the underlying offense conduct. Therefore, these sentences are intended to run consecutively to other sentences:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2014). Accordingly, it was not error for the district court to impose Marroquin-Santiago's sentence in the revocation case to run consecutively to his sentence in the reentry case. Because we conclude that Marroquin-Santiago's 12-month sentence is not unreasonable, it necessarily follows that the sentence is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006).

We therefore affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED